**WO**                                                                                          HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Nathan Handy, | ) | No. CV 07-02293-PHX-EHC |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Wells Fargo Bank, N.A.; and Linda Harland, | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion for Partial Summary Judgment (Dkt. 4), which was filed and served on December 3, 2007.  Plaintiff's Response was due on January 7, 2008.  On January 15, 2008, Defendants submitted a Motion for Summary Disposition (Dkt. 7) based on Plaintiff's failure to oppose the motion for summary judgment.

While motions for summary judgment are typically filed at the close of discovery, Rule 56(b) allows a defendant against whom a claim is asserted to move at any time "with or without supporting affidavits for summary judgment in the party's favor as to all or any part" of the claims.  Rule 56(e) directs that where a motion for summary judgment is filed, the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  If the opposing party has not had sufficient time to complete discovery or otherwise marshal facts to oppose the motion, application may

be made under Rule 56(f) for a continuance of the proceedings pending completion of discovery. Thi-Hawaii, Inc. v. First Commerce Financial Corp., 627 F.2d 991, 993-994 (9th Cir. 1980).   Where, as here, the opposing party fails to take advantage of Rule 56(f), summary judgment may be entered, if otherwise appropriate. See British Airways Board v. Boeing Co., 585 F.2d 946, 954 (9th Cir. 1978), cert. denied, 440 U.S. 981, 99 S. Ct. 1790, 60 L. Ed. 2d 241 (1979).

In this case, Plaintiff's failure to move for a continuance under Rule 56(f) prevents him from complaining of the timing of summary judgment in this case. See Thi-Hawaii, Inc., 627 F.2d at 993-994 ("In the absence of an application for continuance, the district court had before it all of the evidence which it could reasonably conclude would be submitted. There was absolutely no reason to delay entry of judgment.  The court did not err in granting the defendants' motion prior to any discovery.").   Thus, the Court will address whether Defendants' evidence would establish the right to a directed verdict at trial.   If so, Defendants' motion will be granted in the absence of any presentation by Plaintiff.  See Neely v. St. Paul Fire & Marine Insurance Co., 584 F.2d 341, 343 (9th Cir. 1978).

Because Plaintiff does not oppose Defendants' motion, the Court concludes that no genuine issue of material fact exists as to any of Defendants' proposed findings of fact. See L.R.Civ. 56.1(b) ("Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted...."). Thus, Defendants' Statement of Facts In Support of Motion for Partial Summary Judgment (Dkt. 5) is adopted for purposes of deciding this motion.  The Court has also considered, and hereby adopts, the legal analysis provided in Defendants' Memorandum of Points and Authorities (Dkt. 4). Based upon the undisputed facts in the record and the relevant law, the Court finds that Defendants' Motion for Partial Summary Judgment (Dkt. 4) should be granted in favor of Defendant Linda Harland on Counts I & II, and in favor of Defendant Wells Fargo Bank, N.A. on Count II.

Accordingly,

1   **IT IS ORDERED** granting Defendants' Motion for Partial Summary Judgment (Dkt.
2   4) and Defendants' Motion for Summary Disposition (Dkt. 7).

3   **IT IS FURTHER ORDERED** that the Clerk shall enter a judgment in favor of
4   Defendant Linda Harland as to Counts I & II and dismiss her from the case.

5   **IT IS FURTHER ORDERED** that the Clerk shall enter a judgment in favor of
6   Defendant Wells Fargo Bank, N.A. as to Count II.  This case shall proceed against Defendant
7   Wells Fargo Bank, N.A. on the remaining Count I.

8   DATED this 19th day of February, 2008.

Earl H. Carroll
United States District Judge

- 3 -