**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHAN HANDY,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; and LINDA HARLAND,<br><br>    Defendants. | No. CV07-2293-PHX-GMS<br><br>**ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The removal statute provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There is a "strong presumption" *against* removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Here, the Notice of Removal states that both Plaintiff and Defendant Linda Harland are citizens of the State of Arizona. (Dkt. # 1, at ¶ 6.) However, Defendants assert that diversity jurisdiction is not destroyed because Defendant Harland's citizenship should be disregarded "on the ground that there is no possibility that plaintiff will be able to establish liability against said defendant." (*Id.*) Defendants' position is based on the fraudulent joinder doctrine.

Under the fraudulent joinder doctrine, "'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see In re Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996). In evaluating the allegations and evidence, courts employ a presumption *against* finding fraudulent joinder. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). This presumption is often expressed by a series of requirements placed upon the party asserting fraudulent joinder. *Diaz*, 185 F.R.D. at 586. First, the defendant "'must demonstrate that there is *no possibility that the plaintiff will be able to establish a cause of action* in state court against the alleged sham defendant.'" *Id.* (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 2001)). Second, "it must appear to 'a near certainty' that joinder was fraudulent." *Id.* (quoting *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)). "This occurs if the plaintiff has *no*

1 *actual intention to prosecute* an action against [the] particular resident defendant[]." *Id.*
2 Third, "merely showing that an action is likely to be dismissed against that defendant does
3 not demonstrate fraudulent joinder." *Id.* "'The standard is not whether plaintiff[] will
4 actually or even probably prevail on the merits, but whether there is a possibility that [it] may
5 do so.'" *Id.* (quoting *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344, 1996 WL
6 732506, at *3 (N.D. Cal. Dec. 11, 1996)).

7 Despite asserting a reliance on the fraudulent joinder doctrine, Defendants fail to
8 present facts or arguments sufficient to support its application. Defendants merely state that
9 "the Complaint fails to state a cause of action as to [Linda Harland]." (Dkt. # 1, at ¶ 6.) This
10 is untrue, however, as Plaintiff claims that "Harland disseminated and published false
11 statements concerning the Plaintiff which were intended to cast Plaintiff in a false and
12 unfavorable light, and were made with actual and constructive knowledge of their
13 untruthfulness." (Dkt. # 1, Ex. 1, at ¶ 24.) Additionally, Plaintiff claims, "Plaintiff and . .
14 . Harland entered into an agreement, the terms of which included that the only information
15 that would be provided about Plaintiff by Defendants to future prospective employers would
16 be his dates of employment and position held . . . ." (*Id.* ¶ 29.) Based on these statements,
17 it is unclear how Defendants contend that no claims were asserted against Harland.
18 Defendants have even moved for summary judgement on the breach of contract and
19 defamation claims asserted against Harland in Plaintiff's Complaint. (Dkt. # 20.) Because
20 the Court has some doubt as to the right of removal in the first instance, it must fall upon the
21 Defendants to sufficiently plead jurisdiction in the Notice of Removal. *See Gaus*, 980 F.2d
22 at 566. Accordingly,
23 / / /
24 / / /
25 **/ / /**
26 **/ / /**
27
28

- 3 -

1   **IT IS HEREBY ORDERED** that by **October 31, 2008**, Defendants shall file an
2  amended notice of removal properly alleging federal subject matter jurisdiction such that the
3  Court could find that there is no possibility that Plaintiff could establish liability against
4  Linda Harland. Failure to comply will result in remand of this case without prejudice for
5  lack of federal subject matter jurisdiction.

6   DATED this 17th day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge