**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHAN HANDY, ) | No. CV07-2293-PHX-GMS |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| WELLS FARGO BANK, N.A.; and ) | |
| LINDA HARLAND, ) | |
| Defendants. ) | |

On October 25, 2007, Plaintiff Nathan Handy filed a complaint in the Superior Court of the State of Arizona asserting breach of contract and defamation claims. (Dkt. # 49, ¶ 1.) Defendants Wells Fargo Bank and Linda Harland were properly served. (*Id.*) On November 26, 2007, Defendants removed the case to this Court. Defendants' notice of removal alleged diversity of citizenship as the jurisdictional basis over Plaintiff's case. (*Id.* at ¶ 6.) On October 20, 2008, the Court determined that some doubt existed on the face of Defendants' Notice of Removal as to whether the Court had proper diversity jurisdiction over the case. Accordingly, the Court ordered Defendants to file an amended notice of removal sufficient to establish the Court's jurisdiction. (Dkt. # 43.) On October 31, 2008, Defendants filed their amended notice of removal with a supporting memorandum. (Dkt. # 46.) Because the

amended notice of removal fails to provide a sufficient basis for establishing jurisdiction, the Court remands this case to the Superior Court of the State of Arizona.

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). The removal statute provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There is a "strong presumption" *against* removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Here, the Amended Notice of Removal states that both Plaintiff and Defendant Linda Harland are citizens of the State of Arizona. (Dkt. # 46, at ¶¶ 4, 6.) However, Defendants assert that diversity jurisdiction is not destroyed because Defendant Harland's citizenship should be disregarded "on the ground that there is no possibility that plaintiff will be able to establish liability against said defendant." (*Id.* ¶ 6.) Defendants' position is based on the fraudulent joinder doctrine.

Under the fraudulent joinder doctrine, "'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see In re Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1491 (D. Ariz.

1996). In evaluating the allegations and evidence, courts employ a presumption *against* finding fraudulent joinder. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). This presumption is often expressed by a series of requirements placed upon the party asserting fraudulent joinder. *Diaz*, 185 F.R.D. at 586. First, a defendant asserting fraudulent joinder "'must demonstrate that there is *no possibility that the plaintiff will be able to establish a cause of action* in state court against the alleged sham defendant.'" *Id.* (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 2001)). Second, "it must appear to 'a near certainty' that joinder was fraudulent." *Id.* (quoting *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)). "This occurs if the plaintiff has *no actual intention to prosecute* an action against [the] particular resident defendant[]." *Id.* Third, "merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Id.* "'The standard is not whether plaintiff[] will actually or even probably prevail on the merits, but whether there is a possibility that [it] may do so.'" *Id.* (quoting *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)).

> Because the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants, the standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled.

*Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (internal citations omitted). If the facts alleged by the plaintiff, together with any proven by the defendant, and considered in the light most favorable to the plaintiff, "would have survived a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), then removal based on fraudulent joinder is not appropriate." *Id.* at 994 (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975) (stating that "[i]nasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under Fed. R. Civ. P. 12(b)(6), the

1  joinder of the claims against them was not fraudulent so as to warrant dismissal on that
2  score."[1])).

3       Despite asserting a reliance on the fraudulent joinder doctrine, Defendants fail to
4  present facts or arguments sufficient to support its application. Initially, it is of no
5  consequence that Plaintiff has abandoned his breach of contract claim against Defendant
6  Harland. In order to establish the absence of fraudulent joinder, "a plaintiff need only have
7  one potentially valid claim against a non-diverse defendant." *Knutson*, 358 F. Supp. 2d at
8  993. Here, Plaintiff's Complaint also asserts a defamation claim against Defendant Harland.
9  Defendants argue that "[t]he Complaint contends that '*Wells Fargo* had reported in writing
10  that Plaintiff had been terminated for fraud/monetary losses'" (Dkt. # 46, at 10.) However,
11  Defendants fail to also inform the Court that the Complaint similarly alleges that, "Harland
12  disseminated and published false statements concerning the Plaintiff which were intended
13  to cast Plaintiff in a false and unfavorable light, and were made with actual and constructive
14  knowledge of their untruthfulness." (Dkt. # 1, Ex. 1, at ¶ 24.) Although Defendants appear
15  to imply that the Complaint fails to state a claim for defamation against Defendant Harland
16  because it states that *Wells Fargo* was responsible for the defamatory writing, it is clear that
17  Plaintiff also alleges that Defendant Harland was responsible for publishing the allegedly
18  defamatory statement. Therefore, the Complaint appears to state a valid defamation claim
19  against Defendant Harland, and Defendants do not argue this point.

20       Defendants instead argue that "Plaintiff cannot carry his burden of proving that
21  Defendant Harland published any defamatory statement about him." (Dkt. # 46, at 12.)
22  Defendants rely on Plaintiff's inability to respond to discovery requests with evidence of a
23  defamatory statement published by Defendant Harland, concluding that Plaintiff cannot meet
24  his burden of proof. (*Id.* at 10.) However, in the case of fraudulent joinder, the burden rests
25  squarely on the shoulders of the removing party to prove that joinder was fraudulent. *Gaus*,
26  980 F.2d at 566.

27
28     [1]*Ritchey*, 139 F.3d at 1319 also cites *Sessions* for this proposition.

- 4 -

Here, the Court considers both the facts alleged by Plaintiff and those proven by Defendants in the light most favorable to Plaintiff. *Knutson*, 358 F. Supp. 2d at 994. The Court finds that Defendants' attempt to prove Defendant Harland's lack of involvement in the allegations of defamation is not sufficient to meet their burden. Merely presenting an affidavit from Defendant Harland stating that she did not publish a defamatory statement is not sufficient to prove that her joinder was fraudulent. While her testimony is certainly probative of whether she was the responsible party, it is not sufficient for this Court to conclude the she in fact was not responsible, as the Court cannot determine credibility based on an affidavit. In his Motion for Summary Judgment, Plaintiff similarly provides an affidavit in which he states that he listed Defendant Harland as the contact person on his Bank of America application. (Dkt. # 40, Ex. A.) Plaintiff also provides what appears to be a copy of that application, which does list Defendant Harland as the appropriate contact person at Wells Fargo. (*Id.* Ex. D.) The Court must therefore construe Defendant Harland's testimony and Plaintiff's evidence and allegations of fact in the light most favorable to Plaintiff. Doing so yields the conclusion that it would not be impossible for Plaintiff to establish a defamation claim against Defendant Harland in state court. Defendant Harland's testimony, combined with Plaintiff's current lack of direct proof on the matter, are not sufficient to prove the allegations in the Complaint untrue. While Defendants' evidence does bear on the likelihood of Plaintiff prevailing on the merits, "'[t]he standard is not whether plaintiff[] will actually or even probably prevail on the merits, but whether there is a possibility that [he] may do so.'" *Diaz*, 185 F.R.D. at 586 (quoting *Lieberman*, 1996 WL 732506, at *3 )). Because Plaintiff has stated a valid cause of action against Defendant Harland, and because Defendants have failed to prove that there is no possibility that Plaintiff will be able to establish a cause of action in state court, the case must be remanded. Therefore,

**IT IS HEREBY ORDERED** that this case is **REMANDED WITHOUT PREJUDICE** to the Superior Court of the State of Arizona.

1 **IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. # 20) and Motion to Strike (Dkt. # 42) are **DENIED** as moot.

DATED this 12th day of November, 2008.

G. Murray Snow
United States District Judge